**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUI BO LIN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-816

Agency No.
A212-983-725

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023**
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and VRATIL, District Judge.***

Rui Bo Lin, a native and citizen of China, seeks review of a Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of her request for relief from deportation under asylum, withholding of removal, and the Convention Against Torture (CAT). We have jurisdiction under

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

8 U.S.C. § 1252. The petition for review is denied.

Before the IJ, Lin testified that she sought asylum because the Chinese government took her family's land, "beat her father to death, forcefully induced an abortion of her five-month pregnancy, and threatened to sterilize her." In denying Lin's application, the IJ identified at least 11 inconsistencies supporting its adverse credibility determination. Lin appealed, and the BIA summarily affirmed the IJ's decision without an opinion. "Given the BIA's summary affirmance, we review the IJ's decision as if it were the BIA's decision." *Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir. 2005) (citation omitted).

As an initial matter, Lin has not exhausted before the agency one of the central claims she attempts to present to this court. Lin did not meaningfully challenge the IJ's determination that her testimony was not credible. In her brief before the BIA, she addressed only a few of the many issues that the IJ relied on in making its adverse credibility determination, leaving uncontested nearly a dozen inconsistencies specifically identified by the IJ. Thus, she failed to exhaust these arguments before the BIA. The fact that the BIA affirmed the IJ's decision without an opinion does not excuse Lin's failure to exhaust. *See Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004).

Without jurisdiction over the unexhausted challenge to the IJ's adverse credibility finding, we are left with only the documentary evidence to consider. The IJ concluded that much of Lin's "documentary evidence facially does not appear to be authentic and appears unreliable," and the record does not compel

otherwise.  For example, Lin's father's death certificate and Lin's abortion certificate—allegedly produced by the same hospital on the same day—use completely different formatting.  The abortion certificate includes little detail about Lin whereas her father's detailed records list his official identification card number and other identifying information.

Ultimately, Lin has not exhausted the IJ's adverse credibility finding, and the documentary evidence in the record independent of her testimony does not compel the conclusion that the agency's determinations were incorrect. Accordingly, the petition for review is **DENIED**.